

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-1390
Re: Necessity of approval of
traveling expenses by the
Attorney General's Depart-
ment.

We have your letter of September 6, 1939, in which you request an opinion of this Department upon the following question:

"Is it necessary, effective September 1, 1939, under the provisions of the Departmental Appropriation Bill for the current biennium, for members and employees of the Texas Unemployment Compensation Commission to secure the approval of the Attorney General for travel out of the State on business concerning the administration of the Texas Unemployment Compensation Act where such travel is paid out of funds granted to the State and this Commission by the Federal Social Security Board for travel?"

We have examined the General Appropriation Bill of the 46th Legislature and find that the Legislature appropriated One Hundred Forty-one Thousand and Ninety Dollars ($141,090) for the fiscal year beginning September 1, 1939, and One Hundred Forty-one Thousand and Ninety Dollars ($141,090) for the fiscal year beginning September 1, 1940 to the Employment Service Division of your Commission. Such amounts may not be spent for any other branch of the work administered by your department.

Your letter states that funds you inquire about and out of which the travel expense is to be paid are funds granted to the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State and the TUCC by the Federal Social Security Board for travel. Section 2 of the Appropriation Bill under the heading, Travel Expenses, (a), reads as follows:

"It is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. This provision shall be applicable when the item for traveling expenses be paid out of the appropriations of the general fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department."

Reference to the original Texas Unemployment Compensation Act as passed by the 3rd Called Session of the 44th Legislature of Texas, Section 13 (a) titled "Special Fund," we find these words of the Legislature of Texas:

"There is hereby created in the State Treasury a special fund to be known as the 'Unemployment Compensation Administration Fund.' All moneys which are deposited or paid into this Fund are hereby appropriated and made available to the Commission. All moneys in this fund shall be expended solely for the purpose of defraying the cost of administration of this Act and for no other purpose whatsoever. The fund shall consist of all moneys appropriated by this State, and all moneys received from the United States of America, or any agency thereof, including the Social Security Board and the United States Employment Service, or from any other source, for such purpose, and shall be administered separate and a part from all public moneys or funds of this State. All moneys in this fund shall be deposited, administered and disbursed, in the same manner and under the same conditions and requirements as is provided by law for other special funds in the State Treasury." (Underscoring ours)

The language of the appropriation bill makes no separate provision for disbursing special funds, but indicates the same restrictions apply to all funds disbursed by the State.

The section quoted above has remained a part of the Texas Unemployment Compensation Act through its various amendments and is yet a part of the law of this State upon this particular subject. The underlined sentence in the above quoted section indicates to us that it was the intention of the Legislature at the original passage of this law that the funds raised under this law and the funds contributed to this State by the Federal Government should go into a

special fund, but that special fund should be administered and disbursed in the same manner and under the same conditions as is provided for all special funds in the State.

We now consider the last expression of our Texas Legislature upon the expenditures of funds by the State agencies and departments. Section 2 of the appropriation bill of the last session of the Texas Legislature under the heading "Traveling Expenses," as quoted in an earlier portion of this opinion, indicates that the Legislature intended the restrictions upon the expenditures of the funds of the State of Texas and of the funds under the control of the State of Texas should apply to all funds disbursed and expended under the general limitations as laid down under Section 2 of the appropriation bill. Section (c) under the heading "Traveling Expenses" reads as follows:

"No traveling expenses shall be incurred by any employee of any of the departments, or other agencies of the government, outside of the boundaries of the State of Texas, except for state business directly concerning his own department or agency and no such expenses shall be paid from the State appropriations or out of any local or auxiliary funds by the State Comptroller to an employee of any agency of the Government, until and unless a written statement, signed by the Attorney General, advising that the purpose of the proposed trip, in his opinion, is for said State business purposes; which written opinion shall have been filed in advance with the State Comptroller, and signed duplicate thereof with the disbursing officer of such respective agency of the government."

Section (c) quoted above is very broad in its language when it requires that any employee of any of the departments or other agencies of the government shall comply with the provisions as set out therein. The only exception provided for in this Section is that of the Attorney General's Department on trips to the United States Supreme Court and to appear before the Federal Commission, the Adjutant General when appearing in Washington before the War Department, members or employees of the Railroad Commission attending hearings and conferences held in other states or in Washington, D. C., involving rates and/or transportation matters need not comply with this section. This section of the law appears to be a strict limitation of the right of any persons other than those excepted to travel out of the State without compliance with this portion of our appropriation bill.

Section (c) quoted above states that "no such expenses shall be paid from State appropriations or out of any local or

auxiliary funds by the State Comptroller." The funds transferred to the Treasury of this State are for the administration of the Unemployment Compensation Act and are given to the State for the purpose of assisting the State of Texas to carry out the terms of the Unemployment Compensation Act.

Under Section 2 of the Appropriation Bill of the 46th Legislature, Section (b), "United States Funds and Aid," we find these words of the Legislature:

"The proper officer or officers of any State Departments, bureaus, or divisions of State agencies are hereby authorized to make application for and accept any gifts, grants, or allotments of funds from the United States Government to be used on State cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs, and improvements. Any of such Federal Funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government."

Section 13 (a) of the Unemployment Compensation Act quoted in an earlier portion of this opinion specifically says that the moneys transferred to the State of Texas by the Federal Government are placed in the special fund along with the other funds for the Unemployment Compensation Commission. In order that those funds may be gotten out of the State Treasury the portion of the appropriation bill last quoted above appropriates those moneys for the uses authorized by the Federal Government.

The requirement of Section (b) under the heading "Traveling Expenses" of the Appropriation Bill quoted on page 3 of this particular opinion requires that all traveling expenses of the State agencies under the conditions stated therein paid from State appropriation or out of any local or auxiliary fund by the State Comptroller must first be approved by the Attorney General. The fund in question comes to this State as an auxiliary fund, but before it can be withdrawn from the State Treasury it must be appropriated out of the Treasury as has been done by the Legislature. The restrictions as to approval of out of State travel applies whether it be considered "appropriated" or "auxiliary fund."

The question as to whether the limitation applies to members of a commission is answered in the appropriation bill, Section 2, under Traveling Expenses, Section (j), which reads as follows:

"Except as otherwise specifically exempted, the provisions of this Act shall also apply to department heads and members of commissions."

No specific exemption is made to your Commission.

You are, therefore, advised that in the opinion of this Department that it is necessary, effective September 1, 1939, under the provisions of the Departmental Appropriation Bill for the current biennium for members and employees of the Texas Unemployment Compensation Commission to secure the approval of the Attorney General for travel out of the State upon business concerning the administration of the Texas Unemployment Compensation Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges*.
Morris Hodges
Assistant

MH:N

APPROVED SEP 30, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN